O

# United States District Court
# Central District of California

| | |
|---|---|
| PRIESTLEY FAUCETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOVE, INC. d/b/a REALTOR.COM,<br><br>　　　　　Defendant. | Case № 2:22-cv-04948-ODW (ASx)<br><br>**ORDER DENYING<br>MOTION TO DISMISS [20]** |

## I.　　INTRODUCTION

Plaintiff Priestley Faucett brings this putative class action against Defendant Move, Inc. d/b/a Realtor.com ("Realtor.com") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (First Am. Compl. ("FAC"), ECF No. 18.) Realtor.com now moves to dismiss Faucett's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss FAC ("Motion" or "Mot."), ECF No. 20.) For the following reasons, the Court **DENIES** Realtor.com's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff Faucett has a cellular telephone number ending in 5272 ("Number"). (FAC ¶ 24.) On March 6, 2019, Faucett registered the Number with the national "do not call" registry. (*Id.* ¶ 37.)

Realtor.com is a real estate listings company that hosts online platforms for buyers, sellers, and renters to post and search for real estate listings. (*Id.* ¶ 3.) On May 4, 2022, Realtor.com began making phone calls to and leaving voice messages for Faucett at the Number. (*Id.* ¶ 24.) When Faucett answered his phone, a prerecorded voice prompted him to hold for a live representative. (*Id.* ¶ 25.) When a live representative appeared on the line, Faucett "told [Realtor.com] to stop calling in an attempt to opt-out of any further communications with [Realtor.com]." (*Id.*) Faucett also alleges that he did not provide Realtor.com with express written consent to be contacted with a prerecorded message at any time. (*Id.* ¶ 35.)

However, Realtor.com continued to send Faucett prerecorded voice messages on May 5, 6, 7, 10, and June 4, 2022. (*Id.* ¶ 26.) In the messages, Realtor.com encouraged Faucett to hire a real estate agent from Realtor.com's network of agents. (*Id.* ¶ 30.)

On July 20, 2022, Faucett filed this putative class action against Realtor.com. (Compl., ECF No. 1.) After Realtor.com moved to dismiss the Complaint, Faucett filed the First Amended Complaint, alleging four causes of action under the TCPA on behalf of three putative classes: (1) violation of the prerecorded voice provision; (2) knowing or willful violation of the prerecorded voice provision; (3) violation of the "do not call" provisions and regulations against telephone solicitations; and (4) knowing or willful violation of the "do not call" provisions and regulations against telephone solicitations. (FAC ¶¶ 53–84.) Realtor.com now moves to dismiss Faucett's First Amended Complaint. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 25; Reply, ECF No. 26.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and "must construe all factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### IV. INCORPORATION BY REFERENCE

In connection with the Motion, Realtor.com submits transcriptions of three calls between Realtor.com and Faucett that occurred on April 26, 30, and May 10, 2023. (Decl. Michael E. Williams ISO Mot. ("Williams Decl.") ¶¶ 2–4, Exs. 1–3 ("Transcriptions"), ECF Nos. 21-1 to 21-3.) Realtor.com argues that the Court should consider the Transcriptions because the First Amended Complaint incorporates them by reference by referring to various calls from Realtor.com to Faucett. (Req. Incorporation by Reference 2, ECF No. 22.)

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A court may incorporate a document by reference if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, courts should use caution when drawing inferences from an incorporated document. *Khoja*, 899 F.3d at 1003. This is because "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* Moreover, "[a]t the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

Here, in the First Amended Complaint, Faucett does not expressly reference two of the calls reflected in the Transcriptions. (*See* FAC ¶¶ 24–26 (identifying calls occurring "on or about" six dates).) Nonetheless, Realtor.com's calls to Faucett form the basis of Faucett's claims that Realtor.com violated the TCPA. Moreover, although Faucett contends that the Transcriptions do not reflect all of the communications between Faucett and Realtor.com, Faucett does not dispute the reliability of the Transcriptions themselves. (*See* Opp'n 11.) Indeed, Faucett relies on the Transcriptions as part of his Opposition. (*See, e.g.*, *id.* at 6.) Accordingly, because

the calls reflected in the Transcriptions form the basis of Faucett's TCPA claims and Faucett does not contest the reliability of the Transcriptions, the Court finds that it may properly consider these documents under the doctrine of incorporation by reference. *Khoja*, 899 F.3d at 1002; *see also Hendrix v. City of San Diego*, No. 20-CV-45 TWR (NLS), 2021 WL 3892671, at *2 (S.D. Cal. Aug. 11, 2021) (incorporating by reference audio recordings and transcripts of calls with police dispatchers forming basis of plaintiff's claims); *Hoffman v. Cenlar Agency, Inc.*, No. 12-cv-00414-L (NLSx), 2013 WL 1285126, at *2 (S.D. Cal. Mar. 27, 2013) (incorporating by reference transcript and recording of phone call that was "integral to plaintiff's claims"). However, Realtor.com may not rely on factual assertions in the Transcriptions to dispute Faucett's well-pleaded factual allegations. *See Khoja*, 899 F.3d at 1003.

## V. DISCUSSION

Realtor.com argues that the Court should dismiss Faucett's claims on two bases. First, Realtor.com argues that Faucett consented to be contacted by Realtor.com and, thus, Faucett's first and second causes of action fail. (Mot. 8–15.) Second, Realtor.com argues that Faucett's third and fourth causes of action fail because Faucett does not plausibly allege that Realtor.com is a "telephone solicitor" or engages in "telephone solicitation." (*Id.* at 15–16.)

### A. Prior Express Consent

Realtor.com moves to dismiss Faucett's first and second causes of action on the basis that Faucett consented to the calls from Realtor.com. (*Id.* at 8–15.)

Under the TCPA, it is unlawful to make a call using a prerecorded voice without the prior express consent—and, under some circumstances, prior express written consent—of the called party. 47 U.S.C. § 227(b)(1)(B) (requiring prior express consent where a call to a residential telephone line uses a prerecorded voice); *see also* 47 C.F.R. § 64.1200(a)(2) (requiring prior express written consent where a call using a prerecorded voice "introduces an advertisement or constitutes

telemarketing"). However, in TCPA cases, "[e]xpress consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *see Ryabyshchuk v. Citibank (S. D.) NA*, No. 11-cv-1236-IEG (WVG), 2011 WL 5976239, at *5 (S.D. Cal. Nov. 28, 2011) ("[T]he FCC recognized the heavy burden a consumer might face in trying to prove that he *did not* provide prior express consent." (emphasis in original)). Accordingly, in the typical TCPA case, "a motion for summary judgment—rather than a motion to dismiss—is the proper place for [a defendant] to establish that [a plaintiff's] claim[s] fail[] due to the presence of prior express consent." *Ryabyshchuk*, 2011 WL 5976239, at *5.

Here, Faucett alleges that he did not provide Realtor.com with express written consent to be contacted with a prerecorded message at any time and, further, that he told Realtor.com to stop calling him in an attempt to opt-out of any further calls. (FAC ¶¶ 25, 35.) In moving to dismiss, however, Realtor.com points to the Transcriptions and, specifically, a portion of one of the calls in which the caller states, "[s]o you submitted an inquiry on Myhousedeals.com, expressing your interest in connecting with an investor-friendly agent. Does – is that something you're still interested in?" (Mot. 3.) Priestly responds, "[y]es." (*Id.*) Realtor.com asserts that this exchange shows that Faucett submitted an online inquiry expressing interest in connecting with a local real estate expert and, accordingly, that Faucett provided express written consent for Realtor.com to contact him. (*Id.*) Additionally, Realtor.com asserts that, following Faucett's alleged attempt to opt-out of further calls, Faucett again requested that Realtor.com contact him, belying Faucett's allegation that he opted out of further calls. (Reply 9–10.)

Dismissal is inappropriate because whether Faucett provided prior express consent, written or otherwise, is a question properly reserved for the summary judgment stage. To begin with, Faucett alleges that he did not provide express written consent to be contacted by Realtor.com with a prerecorded voice message. (FAC

¶ 35.) Although Realtor.com argues that the Transcriptions indicate that Faucett submitted an online inquiry expressing his interest in connecting with a real estate agent, (*see* Mot. 3–4), that alone is insufficient to establish that Faucett consented to receiving prerecorded messages from Realtor.com. Express written consent under the TCPA requires written agreement sufficient to show that consumer "(1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 1830, 1843–44 (Feb. 15, 2012). Here, the mere fact that the caller referenced an online form does not show that the online form was sufficient to obtain Faucett's express consent under these standards. Moreover, that Faucett orally confirmed his submission of an online form does not change this result absent any evidence that the form itself was sufficient to obtain Faucett's express consent under the TCPA.

Moreover, Faucett alleges that he told Realtor.com to stop calling him in an attempt to opt-out of any further calls. (FAC ¶ 25.) Again relying on the Transcriptions, which reflect only some of the alleged communications between Realtor.com and Faucett, Realtor.com asserts that Faucett requested further contact from Realtor.com after he allegedly opted out. (Mot. 6.) But the mere fact that a certain part of the Transcriptions suggests Faucett gave limited permission for Realtor.com to call him does not preclude the possibility that, at some other point, Faucett told Realtor.com to stop calling him. To conclude that the Transcriptions invalidate Faucett's allegation would require the Court to make several assumptions in Realtor.com's favor, including assumptions regarding the completeness of the Transcriptions. The Court is not permitted to make such assumptions at this phase. *In re Tracht Gut*, 836 F.3d at 1150. More specifically, the Court must not "assume the

truth of the [Transcriptions] if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Because that is the very purpose for which Realtor.com presents the Transcriptions, dismissal on the basis of the Transcriptions is inappropriate.

Therefore, the Court denies Realtor.com's Motion to Dismiss Faucett's first and second causes of action.

### B. Telephone Solicitations

Realtor.com argues that Faucett's third and fourth causes of action alleging violations of the "do not call" provisions and regulations against telephone solicitations fail because the calls at issue do not constitute "telephone solicitations." (Mot. 15–16.) Realtor.com asserts that it merely offered a free service—connecting Faucett with a real estate agent—and did not seek to secure a purchase on the calls at issue. (*Id.* at 16.)

The TCPA prohibits an entity from making more than one "telephone solicitation" to the same person within a twelve-month period. 47 U.S.C. § 227(c)(5). "The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4). This definition of "telephone solicitation" encompasses calls "referring a consumer to another entity . . . if the purpose of the referral is to encourage a purchase, even if a purchase from another entity or a future purchase." *Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at *6 (N.D. Cal. June 15, 2015); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14040 (July 3, 2003) (explaining that a prohibited advertisement includes any call intended to offer goods or services for sale "either during the call, or in the future").

Thus, to engage in "telephone solicitation," a caller does not need to directly offer property or services for sale, but may merely encourage the future purchase of property or services. *See* 47 U.S.C. § 227(a)(4). Here, Faucett alleges, and

Realtor.com concedes, that Realtor.com called him in order to connect him with a real estate agent. (FAC ¶ 30; Mot. 16.) Realtor.com encouraged Faucett to purchase property or services by attempting to connect him to a real estate agent and, as such, Faucett's allegations that Realtor.com's messages constitute "telephone solicitations" under the TCPA are sufficient. *See Panacci*, 2015 WL 3750112, at *6 ("[B]ased on the allegations in the Complaint, it is reasonable to infer that NREC intended to refer Plaintiff to A1 Solar for the purpose of encouraging Plaintiff to purchase A1 Solar's services.").

### VI. CONCLUSION

For the reasons discussed above, the Court **DENIES** Realtor.com's Motion to Dismiss. (ECF No. 20.)

**IT IS SO ORDERED.**

March 17, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**